UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RIGGING AND WELDING SPECALISTS, INC<br>Debtor | Case No. _____<br>Chapter 11 |

## DEBTOR'S MOTION FOR INTERIM APPROVAL OF
## CASH COLLATERAL AGREEMENT AND REQUEST FOR FINAL HEARING

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU, IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Rigging & Welding Specialists, Inc. (herein "Debtor"), Debtor and Debtor-in-Possession in this Chapter 11 Proceeding, and files this Motion For Interim Approval Of Cash Collateral Agreement With Wells Fargo Bank, first lien holder (hereinafter referred as "Bank") , and Request For Final Hearing ("Motion") and in support thereof would show the Court the following:

1. On May 12, 2010 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtor has continued to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in the Debtor's chapter 11 case, nor has any creditors' or other official committee been appointed herein pursuant to section 1102 of the Bankruptcy Code.

3. This Court has jurisdiction with respect to this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtor has two primary sources of revenue: (1) by the rental of cranes with operator or without; (2) providing services for inspection, testing and certification of slings and rigging equipment by the testing and sales of crane rigging equipment. The Debtor also provides some bare equipment rentals. The Debtor's special "niche" is twenty-four (24) hour/seven (7) day a week service.

5. At the present time the Debtor can not meet the daily operational requirements to satisfy and meet the day to day business operations expenses of the Debtor in completing its rental orders without the use of the cash collateral.

6. In the event that the Debtor is not allowed immediate access to the use of its cash collateral, the Debtor is in jeopardy of not being able to continue operations of the company, and of not being able to fulfill existing contractual obligations and to fill and complete existing contracts, or to meet daily operating expenses necessary to permit the Debtor to effectuate reorganization herein.

7. The use of the accounts receivable is essential and critical in satisfying the existing customers' contracts. The limited budget in the amount of $288,230.00 on a 15 day budget and $576,460.00 on a 30 day budget which is necessary to allow the Debtor to continue its daily operations. Attached hereto as Exhibit "A" is the Debtor's budget for the first 15 and 30 days of post-petition operation. Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate. Therefore, the Debtor request

Court authority to deviate from the total expenses contained in the budgets by no more than 10% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order.

8. Bank is the first lien holder with any claim to an interest in the Debtor's cash collateral by virtue of a perfected security interest in the Debtor's accounts receivable and the proceeds derived there from.

9. Debtor and Bank have reached a formal agreement for the use of their cash collateral to allow the Debtor access to funds to pay the day to day normal business expenses incurred and to be incurred in the ongoing operations of the Debtor.

11. The terms of the agreement are as follows:

a. Bank's pre-petition liens on the Debtor's accounts receivables will continue to the same extent and in the same order of priority as they existed prior to the filing of the bankruptcy petition.

b. Bank is granted a first-priority replacement lien on all accounts receivables of the estate in an amount equal to the Debtor's use of Bank's cash collateral. This first-priority replacement lien will be deemed to be fully attached and perfected for all purposes as of the date this case was commenced without the need for execution of any further documentation. Bank shall not be required to file any UCC financing statements or take any action that might otherwise be required by applicable law to perfect its replacement lien. However, upon request by Bank, the Debtor shall execute any and all reasonable documentation acknowledging and evidencing the indebtedness to and the liens of Bank.

c. Debtor will not pay any pre-petition debts without the consent of Bank and will not transfer any of its assets other than in the ordinary course of its business.

d. Debtor will maintain property and casualty insurance coverage on the assets constituting Bank's tangible collateral with them both named as loss payee

---------------------------------------------------------
Emergency Motion For Interim Approval Of
Cash Collateral Agreement

Page 3

e. No cash payments for adequate protection are necessary at this time. The Debtor's monthly Accounts Receivable average $600,000.00-$700,000.00.

g. In the event of any conflict or inconsistency between the terms of this Order and any other order that may be entered by the Court (except for an order that expressly modifies or amends this Order), the terms and provisions of this Order shall govern and be controlling and binding upon the Debtor, the official Committee of unsecured Creditors appointed in this case, if and when appointed, the estate, and any trustee appointed in this bankruptcy case or any subsequent bankruptcy case of this Debtor.

h. The rights granted to Bank under this Order shall survive conversion of this case and confirmation of any plan and shall be binding upon all successors in interest of the Debtor, including any trustee appointed in this case and in any subsequent bankruptcy case of the Debtor, and shall inure to the benefit of Bank and any of their successors in interest.

i. Bank has agreed to the Debtor's use of its cash collateral in any amount necessary to pay for statutory fees owed to the U.S. Trustee.

j. Bank has agagreesto the Debtor's use of its cash collateral for the purpose of payment of any ordinary and necessary expenses incurred in the ongoing operation of its business.

12. Debtor requests that this cash collateral agreement be approved on an interim basis and that the Court set a hearing for final approval of its cash collateral agreement with Bank.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully request this court consider this request and approve on an interim basis the Debtor's agreement for the use of cash collateral, that the Court set a hearing for final approval of the agreement, and grant such other and further relief to which the Debtor is entitled to in law and equity.

---

Respectfully Submitted,

J. CRAIG COWGILL & ASSOCIATES, P.C.

By: /s/J. Craig Cowgill
J. Craig Cowgill
State Bar No. 04929000
8100 Washington, Suite 120
Houston, TX 77007
Telephone: (713) 956-0254
Telecopier: (713) 956-6284

Attorney for the Debtor

## VERIFICATION OF TRANSMITTAL TO THE US. TRUSTEE CERTIFICATE OF MAILING

The undersigned, an attorney, under the penalties of perjury, hereby certifies that a true and correct copy of the above and foregoing instrument has been transmitted to the United States Trustee, Nancy Holley, via ECF, if available or by fax at **713/718-4670** on the ____ day of May, 2010.

/s/J. Craig Cowgill
J. Craig Cowgill

## CERTIFICATE OF SERVICE

I, J. Craig Cowgill, hereby certify that a true and correct copy of this document was served upon all creditors and parties in interest entitled to receive notice, via email or electronically, if available, or by first class mail, proper postage affixed on the _____ day of May, 2010.

/s/J. Craig Cowgill
J. Craig Cowgill

---
Emergency Motion For Interim Approval Of
Cash Collateral Agreement